IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FILED

MAY 23 2019

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

DAVID TINLEY

Criminal No. 19- 156

## INFORMATION MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Shardul S. Desai, Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

### I. THE INFORMATION

A one-count information was filed against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Intentional Damage to a Protected Computer From in and around the beginning of 2014 to on or about May 13, 2016 | 18 U.S.C. §§ 1030(a)(5)(A) and 1030(c)(4)(B)(i) |

### II. ELEMENTS OF THE OFFENSE

A.   As to Count 1:

In order for the crime of Intentional Damage to a Protected Computer, in violation of 18 U.S.C. §§ 1030(a)(5)(A) and 1030(c)(4)(B)(i), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   That the defendant knowingly caused the transmission of a program, information, code, command; and

2. That the defendant, as a result of such conduct, intentionally caused damage to a protected computer without authorization.

To prove a felony, an additional element is:

3. As a result of such conduct, the defendant (i) caused loss to 1 or more persons during a 1-year period aggregating at least $5,000 in value, (ii) caused the modification, impairment, or potential modification or impairment of the medical examination, diagnosis, treatment, or care of 1 or more individuals, (iii) caused physical injury to any person, (iv) threatened public health and safety, (v) damaged a computer used by or for an entity of the United States Government in furtherance of the administration of justice, national defense, or national security, or (vi) damaged 10 or more protected computers during a 1-year period.

Seventh Circuit Model Criminal Jury Instruction, 1030(a)(5)(A); Eighth Circuit Model Criminal Jury Instruction, 6.18.1030E.

### III. PENALTIES

**A.  As to Count 1: Intentional Damage to a Protected Computer (18 U.S.C. §§ 1030(a)(5)(A) and 1030(c)(4)(B)(i)):**

1. <u>Individuals</u> - The maximum penalties for individuals are:

(a) imprisonment of not more than 10 years (18 U.S.C. § 1030(c)(4)(B)(i));

(b) a fine not more than the greater of;

(1) $250,000 (18 U.S.C. § 3571(b)(3));

<u>or</u>

(2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

(c) a term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

(d) Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case as to Count One, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664, unless agreed to by the parties, as here.

## VI. FORFEITURE

As set forth in the Information, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

*Shardul S. Desai* (signature)
SHARDUL S. DESAI
Assistant U.S. Attorney
DC Bar No. 990299