

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

---

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania  15219*                    *412/644-3500*

May 9, 2019

Stanley W. Greenfield, Esquire
1040 Fifth Avenue
Pittsburgh, PA 15219

Re:   United States of America v. David Tinley
       Criminal No. 19- *156*

Dear Mr. Greenfield:

This letter sets forth the agreement by which your client, David Tinley, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between David Tinley and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, David Tinley will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

A.   The defendant, David Tinley, agrees to the following:

    1.   He will waive prosecution by indictment and enter a plea of guilty to Count One of the Information (a draft copy of which is attached as Exhibit A) at Criminal No. 19-*156*, charging him with violating 18 U.S.C. §§ 1030(a)(5)(A) and 1030(c)(4)(B)(i), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

    2.   He will pay mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§ 3663, 3663A and 3664, to the victims and/or other

LIMITED OFFICIAL
USE

persons or parties authorized by law in such amounts, at such times, and according to such terms as the Court shall direct.  Although the Court will determine the recipients, amounts, times, and terms of restitution payments, the parties agree to make the recommendations set forth in Part C of this agreement.

3.   He will immediately notify the Court and the United States Attorney of any improvement in his economic circumstances that might increase his ability to pay restitution and that occurs from the date of this agreement until the completion of his sentence, including any term of supervised release.

4.   He will voluntarily forfeit to the United States all property subject to forfeiture under 18 U.S.C. §§ 1030(i) and 1030(j) including but not limited to the following:  Dell laptop with serial number DRGKBD1 and HP laptop with serial number 5CB33806K7.

5.   He acknowledges that the above-described property are (a) personal property used or intended to be used in the § 1030(a)(5)(A) violation, or (b) property derived from proceeds of the § 1030(a)(5)(A) violation.

6.   He acknowledges that the above-described property is presently the subject of a criminal forfeiture action at the above-captioned criminal case number and he herewith voluntarily consents to the Court entering an order of forfeiture of said property to the United States.

7.   If the Court imposes a fine or restitution as part of a sentence of incarceration, David Tinley agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of his prison salary will be applied to pay the fine or restitution.

8.   At the time David Tinley enters his plea of guilty, he will deposit a special assessment of $100.00 in the form of cash, check, or money order payable to "Clerk, U.S. District Court".  In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

9.   David Tinley waives any former jeopardy or double jeopardy claims he may have in or as a result of any related civil or administrative actions.

10.  David Tinley waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

   (a)   If the United States appeals from the sentence, David Tinley may take a direct appeal from the sentence.

(b)    If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, David Tinley may take a direct appeal from the sentence.

Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence.

Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law.  The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

B.    In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1.    The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of David Tinley in the offense charged in the Information and of any other matters relevant to the imposition of a fair and just sentence.

2.    The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one-level adjustment.  However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

3.    The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C.    David Tinley and the United States Attorney further understand and agree to the following:

1.    The penalty that may be imposed upon David Tinley is:

(a)    A term of imprisonment of not more than 10 years;

(b)    A fine of not more than $250,000;

    (c)    A term of supervised release of not more than 3 years;

    (d)    A special assessment under 18 U.S.C. § 3013 of $100.00;

    (e)    Mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§ 3663, 3663A and 3664.

2.    The Court shall determine the amount of restitution for which David Tinley is liable and the times and terms of payment. Subject to the final authority of the Court, the parties agree that David Tinley will pay $42,262.50 in restitution to Siemens Corporation.

3.    The parties stipulate that the total loss amount is $42,262.50 pursuant to the United States Sentencing Guidelines § 2B1.1(b)(1). This stipulation is not binding on the Court and does not preclude the parties from bringing to the attention of the United States Probation Office or the Court any information not within their knowledge at the time this agreement is executed.

4.    The parties agree that under § 2B1.1 of the Sentencing Guidelines, the base offense level is 6. The parties further agree that the base offense level of 6 should be raised by 6 levels under § 2B1.1(b)(1) and by 4 levels under § 2B1.1(b)(19)(A)(ii).

5.    The parties also agree that the adjusted base offense level should be lowered by a total of 3 levels under the following section of the Guidelines:

    (a)    3E1.1 (Acceptance of Responsibility).

6.    The parties understand that, at sentencing, the United States Attorney is free to and may seek a 2-level increase in the offense level pursuant to § 3B1.3 (Abuse of Position of Trust or Special Skill)

7.    Thus, the parties agree that David Tinley's overall offense level under the Sentencing Guidelines is 13 unless § 3B1.3 applies, in which case, the overall offense level is 15.

8.    The parties agree that the willful failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement. David Tinley acknowledges that the willful failure to pay any fine may subject him to additional criminal and civil penalties under 18 U.S.C. § 3611 et seq.

9.    This agreement does not preclude the government from pursuing any civil or administrative remedies against David Tinley or his property.

10.    Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The

Page 5

sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between David Tinley and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

SCOTT W. BRADY
United States Attorney

I have received this letter from my attorney, Stanley W. Greenfield, Esquire, have read it and discussed it with him, and I understand the terms of the Agreement. I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

DAVID TINLEY

6/24/19
Date

Witnessed by:

STANLEY W. GREENFIELD, ESQUIRE
Counsel for David Tinley